UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

Case # 18-CR-6094-FPG

ORDER

LEITSCHA PONCEDELEON,

Defendant.

On July 30, 2018, Defendant Leitscha Poncedeleon pleaded guilty to a narcotics conspiracy involving 5 kilograms or more of cocaine. ECF No. 86 at 1; ECF No. 89. On November 28, 2018, the Court sentenced Defendant to a term of imprisonment of 168 months. ECF Nos. 123, 124. On May 27, 2020, Defendant, acting *pro se*, filed a motion seeking compassionate release due to the COVID-19 Pandemic, pursuant to 18 U.S.C. § 3582(c)(1)(A).[1] ECF Nos. 387, 396. The government opposes the motion. ECF No. 399. For the reasons that follow, Defendant's motion is DENIED.

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." *United States v. Lucas*, No. 15-CR-143, 2020 WL 2059735, at *1 (W.D.N.Y. Apr. 29, 2020) (internal brackets omitted). § 3582(c)(1)(A) "provides one such statutory exception, often referred to as 'compassionate release.'" *Id.* Under § 3582(c)(1)(A)(i), a district court may reduce a term of imprisonment "if it finds that . . . extraordinary and compelling reasons warrant such a reduction." There are several hurdles that a defendant must overcome to obtain relief under this provision. Specifically, a defendant "must show that (1) [she] has met the [statutory] exhaustion

---

[1] Defendant initially cited 18 U.S.C. § 3624(c)(2) as the basis for her request for release to home confinement. That provision gives the BOP the authority to place prisoners in home confinement. Because courts have "no authority to grant release or a transfer to home confinement under § 3624," *United States v. Rountree*, No. 12-CR-308, 2020 WL 2610923, at *3 (N.D.N.Y. May 18, 2020), the Court limits its analysis to § 3582(c)(1)(A)(i).

1

requirement[,] . . . (2) 'extraordinary and compelling reasons' warrant a reduction of [her] sentence, (3) [she] is not a danger to others or the community, and (4) a reduction is consistent with the factors set forth in section 3553(a)." *Lucas*, 2020 WL 2059735, at *1.

Defendant alleges that compassionate release is warranted for essentially two reasons. First, she has a number of serious medical conditions that justify release given the pandemic: asthma, epileptic seizures, hyperthyroidism, irregular heart palpitations, bipolar disorder, anxiety, depression, and severe migraines. *See* ECF No. 387 at 2; ECF No. 396 at 3. Second, Defendant asserts she has had a good behavioral and rehabilitative record while imprisoned. *See* ECF No. 387 at 7-9; ECF No. 396 at 5.

In this case, even if Defendant could establish the first three requirements, the Court would conclude that a reduction of her term of imprisonment is inconsistent with the factors set forth in § 3553(a). Under § 3553(a), a court must consider the following factors when it imposes a sentence:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > (B) to afford adequate deterrence to criminal conduct;
> > (C) to protect the public from further crimes of the defendant; and
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) [the kinds of sentence and sentencing range provided for in the Sentencing Guidelines]
> (5) any pertinent [Sentencing Commission policy statement]
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

*United States v. Sawicz*, No. 08-CR-287, 2020 WL 1815851, at *3 (E.D.N.Y. Apr. 10, 2020) (quoting 18 U.S.C. § 3553(a)). The Court already weighed these factors when it imposed

Defendant's original term of imprisonment approximately nineteen months ago. Thus, in the context of the present motion, the task is not to "second guess or to reconsider whether the original sentence was just," but to assess whether "the defendant's circumstances are so changed . . . that it would be inequitable to continue the confinement of the prisoner." *United States v. Ebbers*, No. 02-CR-114, 2020 WL 91399, at *6 (S.D.N.Y. Jan. 8, 2020) (discussing legislative history of provision). In other words, the issue is whether the original § 3553 factors "outweigh the 'extraordinary and compelling reasons' warranting compassionate release," and, in particular, "whether compassionate release would undermine the goals of the original sentence." *Id.* at *7.

Based on the information available to the Court, the reasons that Defendant proffers for release are not particularly weighty. Undoubtedly, the COVID-19 Pandemic is an unprecedented crisis, but Defendant has not marshalled persuasive evidence that she is at risk for sustaining complications due to COVID-19. Defendant is thirty years old, and so has not shown she is at high risk due to age. Most of her medical conditions—seizures, hyperthyroidism, anxiety, bipolar disorder, depression, migraines— are not believed to present a higher risk of complications. *See United States v. Numann*, No. 16-CV-25, 2020 WL 1977117, at *3 (D. Alaska Apr. 24, 2020) ("There is no evidence that epilepsy or hypothyroidism make a person more susceptible to COVID-19."); *Carmen R. v. Decker*, No. 20-3875, 2020 WL 2029337, at *10 (D.N.J. Apr. 28, 2020) ("[A]bsent from the CDC's list of high-risk medical conditions are anxiety [and] depression."); *see also People Who Are at Higher Risk for Severe Illness*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited June 17, 2020). While the CDC indicates that *moderate to severe* asthma and *serious* heart conditions may present a higher risk of complications, Defendant fails to present any medical evidence that her asthma and heart palpitations are of such seriousness as to fall into those

categories. To the contrary, her records indicate that she is medically stable. *See* ECF No. 387 at 8. Similarly, Defendant's allegations that she has not received adequate medical care while at FCI Danbury lacks any specificity or evidentiary support. *See* ECF No. 396 at 3.

Thus, Defendant has not demonstrated that she is in the class of medically vulnerable inmates for whom the disease presents a palpable risk of death or serious harm. *See, e.g.*, *United States v. Zukerman*, No. 16-CR-194, 2020 WL 1659880, at *5 (S.D.N.Y. Apr. 3, 2020) (granting compassionate release where inmate was 75 years old and suffered from diabetes, hypertension, and obesity—all of which are additional risk factors for complications); *United States v. Park*, No. 16-CR-473, 2020 WL 1970603, at *6 (S.D.N.Y. Apr. 24, 2020) (granting motion where inmate had severe respiratory issues and court feared that continued imprisonment would "convert a three-year prison sentence into a death sentence"). Without the risk of complications, the mere possibility of exposure to COVID-19 does not favor release. *See United States v. Gold*, No. 15-CR-330, 2020 WL 2197839, at *1 (N.D. Ill. May 6, 2020) ("[I]t remains the case that the majority of people exposed to the coronavirus suffer only mild to moderate symptoms, with many showing no symptoms of COVID-19 at all."); *United States v. Murph*, No. 08-CR-322, 2020 WL 3256364, at *3 (E.D.N.Y. June 16, 2020) (recognizing that inmate had "asthma and [a] history of respiratory ailments," but denying motion for compassionate release and stating that "most of those infected do not become seriously ill").

As for Defendant's rehabilitative and behavioral record, those efforts are certainly worth commending, but it does not weigh heavily in favor of release. Indeed, by itself, rehabilitation of the defendant cannot constitute an "extraordinary and compelling" reason justifying compassionate release. *See United States v. Sanchez*, No. 08-CR-789, 2020 WL 2571074, at *2 (S.D.N.Y. May 21, 2020).

Ultimately, the Court's original sentence was and remains appropriate, notwithstanding the pandemic and Defendant's medical and behavioral record. As part of her plea agreement, Defendant conceded that she had engaged in a narcotics conspiracy with others which involved five kilograms or more of cocaine. ECF No. 86 at 2-3. At sentencing, the Court highlighted the gravity of her offense: Defendant had participated in an organization that peddled "a lot of cocaine . . . into this community." ECF No. 284 at 9. The seriousness of the offense is reflected in the fact that Defendant was subject to a mandatory minimum of ten years' imprisonment. *See* 21 U.S.C. § 841(b)(1)(A)(ii)(II). At this point, Defendant has served only a small portion of her 168-month sentence. *See* ECF No. 387 at 6 (stating that Defendant had served "16% of [her] sentence). To release Defendant at this time would be inconsistent with the § 3553(a) factors, and specifically § 3553(a)(2)(A), which requires that a sentence "reflect the seriousness of the offense, [] promote respect for the law, and [] provide just punishment for the offense." *Accord United States v. Adams*, No. 16-CR-86, 2020 WL 3026458, at *4 (D. Conn. June 4, 2020) (where inmate had completed less than twenty percent of his sentence, release to home confinement "would not reflect the seriousness of the offense or foster respect for the law"); *United States v. Garcia*, No. 18-CR-802, 2020 WL 2468091, at *6 (S.D.N.Y. May 13, 2020).

Because a sentence reduction would be inconsistent with the § 3553(a) factors, compassionate release is not justified, and Defendant's motion (ECF No. 387) is DENIED.

IT IS SO ORDERED.

Dated: June 18, 2020
    Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court

5